UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SMITH, an individual; and DEBORAH SMITH, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.; and QUALITY LOAN SERVICE CORPORATION; and DOES 1-20,<br><br>    Defendants. | 1:11-cv-00141 OWW SMS<br><br>MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION TO REMAND. |

## I.    INTRODUCTION

Before the court is Plaintiffs' motion to remand the case to Fresno County Superior Court. Doc. 6. Defendant Bank of America ("BOA") opposes the motion. Doc. 12.

## II.    BACKGROUND

On December 27, 2010, Plaintiffs, proceeding in pro per, filed a Complaint against Defendants BOA and Quality Loan Services Corporation ("Quality") in the Superior Court of California, County of Fresno. Doc. 1, Ex. A. The Complaint asserts the following causes of action: (1) fraud – negligent and intentional misrepresentation; (2) rescission and damages pursuant to the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; (3) damages pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.; (4) damages

pursuant to the Fair Debt Collection Practices Act ("FDCPA"); (5) infliction of emotional distress; (6) damages pursuant to 18 U.S.C. § 241; (7) California Business & Professions Code § 17200; (8) quiet title under California Code of Civil Procedure § 761.010; (9) temporary restraining order and preliminary injunction; and (10) damages for violation of 18 U.S.C. § 2071. On January 25, 2011, Defendant BOA removed the case to this court under 28 U.S.C. § 1441(b). Doc. 1.

Plaintiffs filed a motion to remand on January 31, 2011. Doc. 6. Plaintiffs contend that remand is proper because: (1) the court does not have subject matter jurisdiction; (2) the notice of removal does not allege specific facts demonstrating that the amount in controversy exceeds $75,000; (3) Defendant BOA did not timely remove the case to federal court; (4) Defendant Quality did not join the removal; and (5) Defendant BOA did not remove the entire Complaint with its twenty original exhibits. Defendant BOA opposes the motion. Doc. 12. The motion was heard on March 28, 2011.

### III. LEGAL STANDARD

28 U.S.C. § 1441(a) provides in pertinent part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d at 1042.

To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). Any doubt as to the right of removal must be resolved in favor of remand. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). It is presumed "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d at 1042 (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (alterations in original).

IV. <u>ANALYSIS</u>

A. <u>Subject Matter Jurisdiction</u>

Plaintiffs contend that the case should be remanded because the court lacks subject matter jurisdiction.

To determine whether removal is proper based on "federal

3

question jurisdiction, the well-pleaded complaint rule 'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hunter v. Philip Morris USA*, 582 F.3d at 1042 (quoting *Fisher v. NOS Commc'ns (In re NOS Commc'ns)*, 495 F.3d 1052, 1057 (9th Cir.2007)). More specifically, federal question jurisdiction exists "if a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 955-956 (9th Cir.2009) (quoting *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean Geological Formation*, 524 F.3d 1090, 1100 (9th Cir. 2008) (internal quotation marks omitted).

    Here, there is federal question jurisdiction because the Complaint asserts causes of action under federal laws: TILA, RESPA, FDCPA, 18 U.S.C. § 241, and 18 U.S.C. § 2071. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). There is supplemental jurisdiction over Plaintiffs' state claims because they are so related to the federal claims that they form part of the same case or controversy. 28 U.S.C. § 1367(a).

At the hearing, Plaintiffs stated that they would dismiss all their federal claims against Defendants. If all the federal claims are dismissed, the court will no longer have federal or supplemental jurisdiction, and remand is proper.

B. $75,000 Threshold

Plaintiffs contend that remand is proper because the notice of removal does not allege specific facts demonstrating that the amount in controversy exceeds $75,000. However, as Defendant BOA did not remove the case on the basis of diversity jurisdiction, the $75,000 amount in controversy threshold is not applicable. *See* 28 U.S.C. § 1332.

C. Timeliness of Removal

Plaintiffs assert that remand is proper because the case was not timely removed to federal court.

28 U.S.C. § 1446(b) requires that the notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

Defendant BOA contends that it has not been served with the Complaint; however, Plaintiffs provide proof of serviced summons that Defendant BOA was served December 28, 2010 and Defendant Quality was served December 29, 2010. Doc. 6, Ex. 1. Assuming Defendants were properly served December 28 and 29, 2010, the

5

notice of removal was due on or before January 27 or 28, 2011, thirty days after service. The notice of removal was timely filed on January 25, 2011. Doc. 1.

D. <u>Unanimity of Defendants</u>

Plaintiffs argue the case should be remanded because Defendant Quality did not join the removal.

Although the usual rule is that all defendants in a state action must join in a petition for removal, the rule of unanimity does not apply to "nominal, unknown or fraudulently joined parties." *United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002). A nominal defendant is a person who "holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (quoting *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991)). "The paradigmatic nominal defendant is "a trustee, agent, or depositary ... [who is] joined purely as a means of facilitating collection." *Id*.

Here, Defendant Quality filed a Declaration of Non-Monetary Status pursuant to California Civil Code § 2924 (Doc. 1, Ex. B), stating that it was named as a defendant solely in its capacity as trustee and not due to any of it acts or omissions. As Defendant Quality is a nominal defendant, its consent was not required for removal. *See Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1050, 1052 (N.D. Cal. 2009) (holding that

6

Quality Loan Services Corp. was a nominal party and not required to consent or join in the removal because it was named in a complaint solely in its capacity as trustee, and not because of any wrongdoing, and had filed a declaration of non-monetary status under Cal. Civ. Code § 2924.).

E. <u>Exhibits to Notice of Removal</u>

Plaintiffs maintain that removal is proper because Defendant BOA did not remove the entire Complaint with its original twenty exhibits.

28 U.S.C. § 1446(a) provides that a defendant "desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." However, the failure to file such documents should not be considered a jurisdictional defect but merely a formal omission which may be remedied by supplementation. *See Dri Mark Prod., Inc. v. Meyercord Co.*, 194 F.Supp. 536, 539 (S.D.N.Y. 1961). Defendant BOA's failure to file the Complaint's original exhibits does not require remand to Fresno County Superior Court.

V.   <u>CONCLUSION</u>

For the reasons stated:

1. Plaintiffs' federal claims against Defendants are DISMISSED

7

> WITHOUT PREJUDICE.

2. Plaintiffs' motion to remand is GRANTED.

3. Plaintiffs shall submit a proposed form of order consistent with this memorandum decision within five (5) days following electronic service of this memorandum decision.

SO ORDERED.

DATED:  April 6, 2011

                                        /s/ Oliver W. Wanger
                                          Oliver W. Wanger
                                   United States District Judge